### STATE v. ALLIE FLETCHER RAY.

(Filed 28 April, 1948.)

**1. Automobiles § 31a—**

Knowledge of the driver that his vehicle had been involved in an accident resulting in injury to a person is an essential element of the offense of "hit and run driving." G. S., 20-166; G. S., 20-182.

**2. Criminal Law § 42f—**

The State is bound by an exculpatory statement of the defendant introduced in evidence by the State when such statement is not contradicted or shown to be false by any other facts or circumstances in evidence.

**3. Automobiles § 31b—**

In this prosecution under G. S., 20-166, the State introduced testimony of a statement by defendant that he had just driven the highway in question

but that he had no knowledge or notice that he had struck any vehicle or injured any person during the trip. This statement was not contradicted or shown to be false by any other fact or circumstance in evidence. *Held:* The statement is binding upon the State, and defendant's motion for judgment of nonsuit is sustained in the Supreme Court, G. S., 15-173, for want of evidence that defendant knew he had been involved in an accident resulting in injury to a person.

APPEAL by defendant, Allie Fletcher Ray, from *Burgwyn, Special Judge,* and a jury, at the January Term, 1948, of VANCE.

The accused was tried upon an indictment which alleged that he was the driver of a motor vehicle involved in an accident resulting in personal injury to Miss Sarah Ellington, and which charged that after the accident he committed the felony denounced by the statute commonly known as the Hit and Run Drivers' Law by failing immediately to stop his vehicle at the scene of the accident, by failing to give his name and his address and the registration number of his vehicle to Miss Ellington, and by failing to carry Miss Ellington to a physician or surgeon for medical or surgical treatment when it was apparent that such treatment was necessary for Miss Ellington. The defendant pleaded not guilty. The only testimony at the trial was that of the State.

Direct evidence was adduced by the State tending to show the facts set out in this paragraph. On 17 May, 1947, the prosecuting witness, Miss Ellington, was riding in a westerly direction on the Henderson-Oxford Highway in a Ford automobile owned and operated by Miss Mertie Hight. As they reached a point some three miles west of Henderson, they met a large truck, consisting of a truck tractor and a trailer, proceeding eastward on the highway. Here the rear-end of the truck swerved across the center of the road and struck the left side of the Ford car, causing personal injury to Miss Ellington. The truck continued its eastward movement along the highway without stopping or reducing its speed. Neither the truck nor its driver was identified by any witness. A few minutes later the defendant was arrested at a service station in or near Henderson. At that time he was in possession of a truck tractor with trailer attached.

The State undertook to prove by circumstantial evidence that this particular truck was the vehicle which struck the Ford car on the Henderson-Oxford Highway. This testimony was somewhat inconclusive in nature, but this Court proceeds here upon the assumption that it was of sufficient probative strength to warrant a reasonable inference that the truck in charge of the accused at the time of his arrest was the identical motor vehicle involved in the accident under review.

For the purpose of identifying the defendant as the operator of the truck at the time of the injury to the prosecuting witness, the State introduced a declaration made by the defendant at the time of his arrest

in which he stated, in substance, that he had just driven the truck then in his charge from Oxford to Henderson over the Henderson-Oxford Highway, but that he had no knowledge or notice that he had struck any motor vehicle or injured any person during the trip.

The jury found the accused "guilty as charged in the bill of indictment," and he appealed from the judgment pronounced on the verdict.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Gholson & Gholson for the defendant, appellant.*

ERVIN, J.   The chief error assigned by the accused on this appeal is the refusal of the trial court to dismiss the prosecution on a judgment of nonsuit.

When the Legislature enacted the statutes now embodied in G. S., 20-166, it imposed upon the driver of a motor vehicle involved in an accident resulting in injury to a person the following affirmative, positive, and specific duties: (1) To stop his motor vehicle immediately at the scene of the accident; (2) to give his name and address and the registration number of his motor vehicle to the person injured, or to the driver or occupants of any other vehicle collided with; (3) to render reasonable assistance to the person injured, including the carrying of such person to a physician or surgeon for medical or surgical treatment, if such treatment is requested by such person, or if it is apparent that such treatment is necessary for such person; and (4) to report the accident within twenty-four hours to the department of motor vehicles if it occurs outside a city, or to the police department of the city if it happens within a city.

It would be a manifest absurdity to expect or require the driver of a motor vehicle to perform the acts specified in the statute in the absence of knowledge that his vehicle has been involved in an accident resulting in injury to some person. Hence, both reason and authority declare that such knowledge is an essential element of the crime created by the statute now under consideration. *Herchenbach v. Commonwealth,* 185 Va., 217, 38 S. E. (2d), 328; Blashfield's Cyclopedia of Automobile Law and Procedure (Perm. Ed.), section 781; 16 A. L. R., Annotation, 1425-1429; 66 A. L. R., Annotation, 1228-1238; 101 A. L. R., Annotation, 911-919. This position is expressly sustained by our statute prescribing the punishment for persons "convicted of willfully violating G. S., 20-166, relative to the duties to stop in the event of accidents . . . involving injury or death to a person." G. S., 20-182.

In this case, the State itself introduced a statement of the accused to the effect that he had no knowledge or notice that he had struck any

motor vehicle or injured any person while driving his truck upon the Henderson-Oxford Highway. If true, this declaration plainly negatived the existence of an essential element of the crime charged in the indictment, to wit, that the defendant knew that the truck driven by him had been involved in an accident resulting in injury to a person. The exculpatory statement of the defendant is not contradicted or shown to be false by any other fact or circumstance in evidence. Consequently, we are constrained to hold upon the record here presented that this exculpatory statement is binding upon the State, and that the motion of the defendant for judgment of nonsuit ought to have been sustained in the court below. *S. v. Fulcher,* 184 N. C., 663, 113 S. E., 769; *S. v. Watts,* 224 N. C., 771, 32 S. E. (2d), 348.

For the reasons given, the judgment entered in the trial court is reversed, and the defendant's motion for judgment of nonsuit is sustained in this Court pursuant to G. S., 15-173.

Reversed.