STATE OF NORTH CAROLINA v. CHARLIE ROBERT PEEDE.

(Filed 28 February, 1962.)

**Criminal Law § 19—**

Where prosecutions are transferred from the recorder's court to the Superior Court upon defendant's demand for a jury trial, the jurisdiction of the recorder's court is ousted and the Superior Court acquires original jurisdiction of the charges and properly tries defendant upon bills of indictment found by the grand jury and not upon the original warrants.

WINBORNE, C.J., not sitting.

APPEAL by defendant from *Copeland, Special Judge,* August Special Criminal Term 1961 of CRAVEN.

The defendant, Charlie Robert Peede, was arrested upon warrants issued and made returnable to the Craven County Recorder's Court. The first warrant issued on 19 December 1960 charged the defendant (1) with unlawfully and wilfully operating a motor vehicle on the State highways of North Carolina without having in his possession an operator's license issued to him by the Department of Motor Vehicles, in violation of G.S. 20-7; (2) that he did operate a motor vehicle on the highways without having obtained liability insurance; (3) that he failed to transfer title to said motor vehicle, in violation of G.S. 20-73; and (4) that he did unlawfully and wilfully operate a motor vehicle on the State highways of North Carolina on or about the 18th day of December 1960 while said vehicle was not equipped with sufficient lights as required by G.S. 20-129.

The second warrant issued on 9 January 1961 charged the defendant with the operation of a motor vehicle after his license had been re-

voked by the Department of Motor Vehicles and while said revocation was in full force and effect, in violation of G.S. 20-28.

The defendant appeared in the Craven County Recorder's Court on 2 May 1961 and demanded a jury trial in both cases. Bonds were fixed in each case and the cases transferred to the Superior Court of Craven County for trial. The grand jury returned three true bills of indictment against the defendant charging him with the same five offenses with which he was charged in the warrants which had been made returnable to the Craven County Recorder's Court.

The defendant entered a plea of not guilty to each of the five counts contained in the three. bills of indictment.

The State offered evidence tending to support the charges laid in the bills of indictment, including a certified record from the Department of Motor Vehicles showing the revocation of the defendant's license.

The defendant did not introduce any evidence.

The case was submitted to the jury upon the charge of the court and the jury returned a verdict of guilty as charged.

The five counts in the bills of indictment were consolidated for judgment. A sentence of eighteen months was imposed, the defendant to be assigned to work under the supervision of the State Prison Department.

From the judgment imposed the defendant appeals, assigning error.

*Attorney General Bruton, Asst. Attorney General Charles D. Barham, Jr., for the State.*
*Charles L. Abernethy, Jr., for defendant.*

PER CURIAM. The defendant having demanded a jury trial in both cases in the Craven County Recorder's Court, the jurisdiction of the Recorder's Court was ousted and the Superior Court of Craven County vested with exclusive original jurisdiction of the charges laid in the warrants. Therefore, the jurisdiction of the Superior Court was not derivative but original, and it was necessary for defendant to be tried on bills of indictment and not upon the original warrants. *S. v. Norman,* 237 N.C. 205, 74 S.E. 2d 602; *S. v. Davis,* 253 N.C. 224, 116 S.E. 2d 381.

The assignments of error present no prejudicial error that would justify a new trial. There is ample evidence to support the verdict, and the judgment imposed is not in excess of that provided by law.

No error.

WINBORNE, C.J., not sitting.