STATE v. HAROLD ALLEN SMITH.

(Filed 2 June, 1965.)

**1. Criminal Law § 19—**

Upon transfer of a cause from a municipal-county court to the Superior Court upon defendant's demand for a jury trial, the Superior Court acquires jurisdiction of the offense charged in the warrant, but the trial in the Superior Court must be upon an indictment, notwithstanding statutory provision that it be upon the warrant.

**2. Automobiles § 76—**

G.S. 20-166(b) is not limited to streets or highways, and therefore the failure of a warrant or indictment for this offense to aver the street or highway where the collision occurred is not fatal.

**3. Same—**

The requirement of G.S. 20-166(b) that a motorist whose vehicle is involved in an accident resulting in property damage must stop is not limited to a motorist at fault in causing the accident, the purpose of the statute being to require a motorist to stop and identify himself to facilitate investigation.

**4. Same;   Indictment and Warrant § 9—**

Where a prosecution for violating G.S. 20-166(b), a misdemeanor in the exclusive jurisdiction of a municipal-county court, is transferred to the Superior Court upon defendant's demand for a jury trial, the jurisdiction of the Superior Court is limited to the charge in the warrant, and therefore the warrant constitutes an essential part of the record, so that any failure of the indictment to identify the property damaged and the owner thereof is cured when the warrant supplies this information and thus affords defendant protection against another prosecution for the same offense.

APPEAL by defendant from *Gambill, J.,* October, 1964 Regular Criminal Session, GUILFORD Superior Court, Greensboro Division.

This criminal prosecution originated by warrant issued from the Municipal-County Court of Guilford (Criminal Division) charging that on April 3, 1964, Harold Allen Smith did "unlawfully and willfully violate Chapter 20, Section 166, Subsection (b), General Statutes of North Carolina, to-wit: Operate a motor vehicle and being involved in an automobile accident resulting in property damage to two automobiles at Ashe and Sycamore Street, Greensboro, North Carolina, the prop-

erty of B. E. Headen and Worth Dillon, and did fail and refuse to stop in accordance with the above statute, . . ."

Upon arraignment in the Municipal-County Court, Criminal Division, and before plea, the defendant moved for a jury trial. The Municipal Court entered this order: "Pursuant to such motion the case is forwarded to Guilford Superior Court."

In the Superior Court the Grand Jury returned a bill of indictment charging the offense in the language of G.S. 20-166(b), 1963 Cumulative Supplement. The indictment failed to designate either the place of the accident, or the description or ownership of the property damaged. Upon the call of the case for trial in the Superior Court, the defendant entered a plea of guilty. The court imposed a jail sentence of six months, from which the defendant appealed.

*T. W. Bruton, Attorney General, Ray B. Brady, Assistant Attorney General, L. P. Hornthal, Jr., Staff Attorney for the State.*
*Cahoon & Swisher by Robert S. Cahoon for defendant appellant.*

HIGGINS, J. "The defendant brings forward only his exception to the adverse judgment as set forth above, which constitutes his one and only exception." The appeal, motions in this Court to quash the bill, and to arrest judgment, present the question whether error of law appears upon the face of the record. More particularly, the defendant argues the indictment fails to charge a criminal offense cognizable in the Superior Court of Guilford County.

When the defendant was arraigned in the Municipal-County Court, he demanded a jury trial. The amendatory Municipal-County Court Act, Chapter 971, Session Laws of 1955, does not provide for jury trial. However, a demand for a jury trial transfers jurisdiction over the offense *charged in the warrant* to the Superior Court. Rule Six provides that the trial in the Superior Court shall be on the warrant. However, our decisions are to the effect that in the absence of a trial in the court below, and on appeal to the Superior Court from judgment, the demand for a jury trial places jurisdiction of the offense charged in the warrant in the Superior Court where trial must be upon indictment. *State v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283; *State v. Peede,* 256 N.C. 460, 124 S.E. 2d 134; *State v. Hollingsworth,* 263 N.C. 158, 139 S.E. 2d 235.

The defendant argues the bill of indictment is bad for that it fails to give (1) the street or highway where the collision occurred; (2) the description of the property damaged in the collision, and (3) the name of the owner. Failure to designate the street or highway on which the collision occurred is not fatal. The statute does not restrict the offense

to a public highway. "It has been held that where so-called 'hit and run' statutes are silent with respect to the place where the alleged offense must occur . . . it is not necessary to allege and prove that the offense was committed on a public highway, but that the statute applies to accidents occurring . . . off a public highway." 77 A.L.R. 2d 1171.

"The growing practice of banks, supermarkets, and amusement centers and other organizations, maintaining large parking facilities for public convenience . . . is an added reason why the statute should not be restricted in scope in the absence of clear legislative intent to do so." *State v. Gallagher,* 102 N.H. 335, 156 A. 2d 765; *Kennedy v. State,* 39 Ala. Appeals 676, 107 So. 2d 913; 7 Am. Jur. 2d 724.

The purpose of the requirement that a motorist stop and identify himself is to facilitate investigation. Failure to stop is the gist of the offense. Absence of fault on the part of the driver is not a defense to the charge of failure to stop.

The defendant contends the indictment is invalid for failure to identify either by description or by ownership the property damaged in the accident, and hence the plea of guilty in this case will not protect him against another prosecution for the same offense. In this particular instance the indictment is not defective for the reason assigned. The offense charged is within the exclusive original jurisdiction of the Municipal-County Court, Ch. 971, § 3(b)(1), Session Laws of 1955. The demand for a jury trial before plea compelled the transfer of the case to the Superior Court and necessitated a bill of indictment. *State v. Hollingsworth, supra; State v. Thomas, supra.* However, the indictment and trial in the Superior Court were confined to the charge embraced in the warrant. Jurisdiction over all other misdemeanors not embraced in the warrant remained in the Municipal-County Court.

It follows from what has been said that the jurisdiction of the Superior Court to indict and try the defendant was limited to the charge in the warrant which thereby constitutes the warrant an essential part of the record proper. The warrant identifies the injured property as two automobiles belonging to B. E. Headen and Worth Dillon, and the damage as having been caused at Ashe and Sycamore Streets in Greensboro. The record proper will protect the defendant from another prosecution for the same offense. Error of law does not appear upon the face of the record. The judgment of the Superior Court of Guilford County is

Affirmed.