STATE OF NORTH CAROLINA v. SIMON S. LAWRENCE, JR.

(Filed 20 March 1968.)

**Criminal Law § 19—**

Where a prosecution is transferred from the recorder's court to the Superior Court upon the prosecutor's demand for a jury trial, Session Laws of 1955, Chapter 573, the jurisdiction of the recorder's court is ousted and the Superior Court acquires original jurisdiction to try the defendant upon indictment, and such transfer being mandatory, defendant is not entitled to notice thereof.

APPEAL by defendant from *Fountain, J.,* August-September, 1967 Session, WILSON Superior Court.

The defendant, Simon S. Lawrence, Jr., was arraigned in the Superior Court of Wilson County upon a Grand Jury indictment charging the unlawful operation of a motor vehicle upon the public highway of Wilson County while he was under the influence of intoxicating liquor.

Before pleading to the indictment, the defendant challenged the jurisdiction of the Superior Court upon the ground the defendant was first charged with same offense in the Recorder's Court of Wilson, and the cause was not legally transferred to the Superior Court. The court held the cause was properly before the Superior Court for trial. The defendant entered a plea of not guilty. Both the State and the defendant introduced evidence. The jury returned a verdict of guilty. From the judgment, the defendant appealed.

Thomas Wade Bruton, Attorney General; William M. Melvin, Assistant Attorney General; T. Buie Costen, Staff Attorney, for the State.

Gardner, Connor & Lee by Cyrus F. Lee for defendant appellant.

PER CURIAM. The police officers of Wilson arrested the defendant and charged him with operating a motor vehicle on the city streets while under the influence of intoxicating liquor. After the warrant was served the prosecuting officer in the Recorder's Court moved for a jury trial. The "transfer" statute (Chapter 573, Session Laws of 1955) provided for a mandatory transfer to the Superior Court upon special demand for a jury trial, either by the defendant or by the Recorder's Court prosecutor.

After the case was transferred to the Superior Court, the Grand Jury returned a bill of indictment upon which the defendant was tried in the Superior Court. The defendant challenged the order of transfer upon the ground the defendant was not given notice of the motion for transfer and was not present when the order was entered by the Recorder. The transfer, being mandatory, notice was not required. Neither was there necessity for the defendant to be present. The foregoing is apparent from the terms of the statute requiring the defendant to give a new bond in an amount fixed by the Recorder for his appearance at the next session of the Superior Court. The transfer ousted the jurisdiction of the Recorder's Court and gave the Superior Court exclusive original jurisdiction to try the defendant upon indictment. State v. Peede, 256 N.C. 460, 124 S.E. 2d 134.

The trial court did not commit error in sustaining the State's objection to an argumentative question asked the arresting officer. The witness was later permitted to say he did not find any intoxicants in the automobile and that he stopped the vehicle because of its high rate of speed — 40 miles per hour in a 20 miles per hour zone — and not for operating while intoxicated. The charge of operating while intoxicated stemmed from the information the officer acquired at the time of and incident to the arrest.

No error.