[Crim. No. 15516.    Second Dist., Div. One.    Feb. 6, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. ROBA LEONA ROCOVICH, Defendant and Appellant.

Ardy V. Barton for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Suzanne E. Graber, Deputy Attorney General, for Plaintiff and Respondent.

WOOD, P. J.—In a jury trial defendant was found guilty in count 1 of violating section 23101 of the Vehicle Code (driving vehicle while under influence of intoxicating liquor), and in count 2 of violating section 20001 of the Vehicle Code (failure to stop vehicle and give name, address, etc., in accident involving injury to person). Her motion for acquittal (Pen. Code, § 1118.1) on both counts was denied. Her motion for a new trial was granted as to count 1, and was denied as to count 2. Probation was granted and pronouncement of judgment was suspended during the term of probation. She appeals from the order granting probation, the order denying a new trial, and the order denying her motion for acquittal. The order denying a motion for acquittal is not an appealable order. (*People* v. *Aguilar,* 174 Cal.App.2d 662, 663 [344 P.2d 880].) The order granting defendant's motion for a new trial on count 1 is not an order from which

the defendant may appeal. (Pen. Code, § 1237; *People* v. *Beltran,* 94 Cal.App.2d 197, 201 [210 P.2d 238].) The order denying the motion for a new trial on count 2 is not an appealable order. (Pen. Code, § 1237; *People* v. *Ing,* 65 Cal.2d 603, 614 [55 Cal.Rptr. 902, 422 P.2d 590].) Review will be limited to the appeal from the order granting probation (count 2).

Appellant contends that the evidence does not support the verdicts (on counts 1 and 2); and that the court erred in instructing the jury. (Since plaintiff's motion for a new trial was granted as to count 1, the question as to the sufficiency of the evidence to support the verdict on that count is not before this court for determination.)

Twelve witnesses were called by the People. Defendant did not testify, nor call any witness.

On November 25, 1967, about 1:30 p.m., Mrs. Rose was driving her blue Falcon automobile in a westerly direction on Calle Real, near its intersection with Las Positas Road, in Santa Barbara. Her daughter and Mrs. Yarnell were passengers in her automobile. While the Falcon was stopped at a "stop sign" at the intersection, a black Cadillac which was driven by the defendant struck the rear of the Falcon, there was a loud noise, and the Falcon "shot" out of control and went across the intersection, hit another car, went over an embankment, and disappeared from the view of persons at the intersection.

There was evidence that, after the collision, the defendant had a terrified "look on her face." She fidgeted with something on the front seat, and then straightened up and appeared to be in control of herself. A crowd immediately gathered, and persons in the crowd went to the Falcon, which had gone over the embankment. About one or two minutes after the collision, the Cadillac made a right turn on Las Positas Road and drove away in a northerly direction.

An ambulance arrived and took Mrs. Rose to the hospital. She had injuries to her chest, hip and shoulders, and she was hospitalized for nineteen days. Mrs. Yarnell received injuries to her neck, head, back, hip, knees, and feet, and she was hospitalized for five days.

About 2:30 p.m., Officer Polon, who had received a description of the Cadillac, saw a Cadillac of that description in the parking lot of the Hacienda Hotel on State Street in Santa Barbara. There was "fresh damage" to the front of the Cadillac and "a light blue paint transfer" thereon. Defendant's

husband came to the parking lot and told the officer that his wife had been in an accident and that the other driver had left the scene of the accident. The officer asked whether he could speak to the defendant, and they went to an apartment. Defendant was in the apartment. Her face appeared to be flushed, her eyes were watery and bloodshot, an odor of intoxicants was on her breath, her speech was slurred and thick, her manner of speech was sarcastic and profane, and she weaved when she walked.

At 3:50 p.m. and at 4:15 p.m. of that day, samples of defendant's urine were taken. A blood alcohol reading on the second sample taken was .18. A doctor testified that a reading of .10 indicates that a person is under the influence of alcohol, and that a person would have to drink rapidly between 1:30 p.m. and 2:30 p.m. on a given afternoon in order to ingest enough alcohol to produce a reading of .18 at 4:15 p.m. on the same afternoon.

Appellant contends that the evidence does not support the verdicts (on counts 1 and 2). As previously indicated, the review herein is limited to the appeal from the order granting probation on count 2, and the discussion will be limited to appellant's contention that the evidence was insufficient to support the verdict on that count (violation of Veh. Code, § 20001).

Section 20001 of the Vehicle Code provides in part that the driver of any vehicle involved in an accident resulting in injury to any person other than himself shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of sections 20003 and 20004 (of the Vehicle Code), and any person failing to stop or to comply with the requirements under such circumstances is guilty of a public offense and upon conviction thereof shall be punished by imprisonment in the state prison. Section 20003 of said code provides that the driver of any vehicle involved in an accident resulting in injury of any person shall also give (among other things) his name, address, and the registration number of the vehicle he is driving, to the person struck or the driver or occupants of any vehicle collided with, and shall render reasonable assistance to any person injured in the accident, including the carrying or the making of arrangements for the carrying of such person to a physician for medical treatment if it appears that treatment is necessary.

The elements of the offense proscribed by section 20001 of the Vehicle Code are the failure of the driver in-

volved in an accident resulting in injury to a person to stop and perform the acts required therein (*People* v. *Limon*, 252 Cal.App.2d 575, 578 [60 Cal.Rptr. 448]) and knowledge by the driver of the injury (*People* v. *Holford*, 63 Cal.2d 74, 79-80 [45 Cal.Rptr. 167, 403 P.2d 423]). "Usually, however, such knowledge must be derived from the surrounding facts and circumstances of the accident" (*People* v. *Holford, supra,* p. 80; see *People* v. *Kuhn*, 139 Cal.App.2d 109, 112 [292 P.2d 964]) and "criminal liability attaches to a driver who knowingly leaves the scene of an accident if he actually knew of the injury or if he knew that the accident was of such a nature that one would reasonably anticipate that it resulted in injury to a person." (*People* v. *Holford, supra,* p. 80; see *People* v. *Carter*, 243 Cal.App.2d 239, 241 [52 Cal.Rptr. 207].)

■ In the present case, defendant's Cadillac struck the rear of the Falcon with such force that there was a loud noise and the Falcon was propelled across the intersection into another automobile and over an embankment. A crowd of persons immediately gathered and some of them went to the aid of the occupants of the Falcon; and, about a minute after the collision, the defendant drove the Cadillac away from the scene of the accident without doing any of the acts required by sections 20001 and 20003 of the Vehicle Code and without making any effort to render assistance to the occupants of the Falcon. The evidence was sufficient to support the verdict on count 2.

■ Appellant further contends that the court erred in instructing the jury that intoxication was not a defense to count 2. She argues that violation of section 20001 requires a specific intent to commit the offense, and that intoxication is therefore a defense.

The court gave an instruction, as follows:

"Our law provides that no act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition.

"This means that drunkenness, if the evidence shows that the defendant was in such a condition when allegedly she committed the crime charged in Count II of the Information is not of itself a defense to said charge, namely the so called hit and run charge. Her state of intoxication or sobriety, however, may be considered by you in determining whether the defendant had knowledge that personal injuries had resulted or probably resulted from the collision. As stated to you in

other instructions, if for any reason, the defendant did not have actual or constructive knowledge that injury to others had resulted or were a probable result of the collision, your verdict as to Count II should be not guilty.'' (Based upon CALJIC 78 (Rev.).)

In cases where the crime charged requires specific intent it has been held error to give an instruction that intoxication is not a defense. (See *People* v. *Spencer*, 60 Cal.2d 64, 87 [31 Cal.Rptr. 782, 383 P.2d 134]; *People* v. *Graves*, 263 Cal.App.2d 719, 726-729 [70 Cal.Rptr. 509]; *People* v. *Deatherage*, 249 Cal.App.2d 363, 368 [57 Cal.Rptr. 501].) But, such instruction may be given where the crime charged does not require specific intent. (*People* v. *Spencer, supra,* p. 87.)

In *People* v. *Henry*, 23 Cal.App.2d 155, 165 [72 P.2d 915], wherein defendant driver was accused of the offense proscribed by section 20001 of the Vehicle Code, it was held that specific intent was not a necessary element of said offense. Although, as previously stated, knowledge of injury to other persons involved in the accident is an element of the offense proscribed by section 20001, it was said (*id.*) that knowledge and intent were not synonymous terms. (See *People* v. *Garcia,* 250 Cal.App.2d 15, 20-21 [58 Cal.Rptr. 186].) The instruction given in the present case advised the jury to consider defendant's state of intoxication or sobriety at the time of the collision in determining whether she had actual or constructive knowledge that occupants of the Falcon had been injured. The court did not err in instructing the jury.

The appeal from the order denying the motion for acquittal, and the appeal from the order denying the motion for a new trial, are dismissed.

The order granting probation is affirmed.

Lillie, J., and Thompson, J., concurred.