STATE OF NORTH CAROLINA v. ROBERT LEE CHAVIS

No. 7018SC460

(Filed 16 September 1970)

1. **Automobiles § 131— failure to assist person injured in accident — sufficiency of evidence of personal injury**

    In this prosecution under G.S. 20-166(c) for failure of the operator of an automobile involved in an accident to render assistance to a person injured in the accident and to give his name, address, driver's license number and the registration number of his vehicle, there was sufficient evidence that a person received personal injuries in the accident for submission of the case to the jury, where a passenger in one of the automobiles involved in the accident testified that her head struck the windshield, that she went to the hospital for an examination but received no treatment, and that her head hurt for about a week after the accident.

2. **Automobiles § 131— failure to assist person injured in accident — instructions**

    In this prosecution for a violation of G.S. 20-166(c), the trial court did not fail to instruct the jury that the burden was on the State to satisfy the jury beyond a reasonable doubt that defendant knowingly and intentionally failed to render aid to the party injured in the accident.

3. **Automobiles § 131— failure to stop after accident — prosecution under G.S. 20-166(c) — necessity for instructing on misdemeanor defined in G.S. 20-166(b)**

    The misdemeanor described in G.S. 20-166(b) is not a lesser included offense of the crime described in G.S. 20-166(c); therefore, in a prosecution for a violation of G.S. 20-166(c), the trial court did not err in failing to instruct the jury on the offense defined in G.S. 20-166(b).

APPEAL from *Collier, J.,* 23 March 1970 Criminal Session, GUILFORD Superior Court.

The defendant Robert Lee Chavis was tried on a two-count bill of indictment, proper in form, charging him in the first count with a violation of G.S. 20-166(a) by failing to stop the automobile of which he was driver after it was involved in an accident involving personal injury, and in a second count with a

violation of G.S. 20-166(c) by failing to render assistance to the injured party, identify himself, give his driver's license number and registration number of the automobile.

The defendant pleaded not guilty. At the conclusion of the State's evidence the defendant's motion for a judgment as of nonsuit was allowed as to the first count in the bill of indictment. The defendant testified in his own behalf. His motion for a judgment as of nonsuit, made at the conclusion of all the evidence, was denied. The jury found the defendant guilty as charged in the second count of the bill of indictment. From a judgment entered on the verdict, the defendant appealed to the North Carolina Court of Appeals.

*Robert Morgan, Attorney General, William W. Melvin, Assistant Attorney General, and T. Buie Costen, Assistant Attorney General, for the State.*

*Robert D. Douglas III, Assistant Public Defender for the Eighteenth Judicial District, for the defendant appellant.*

HEDRICK, J.

The defendant first assigns as error the court's denial of his motion for judgment as of nonsuit made at the conclusion of the State's evidence and renewed at the close of all the evidence. The evidence, when considered in its light most favorable to the State, tended to show that on 4 October 1969, at about nine or ten o'clock p.m., an automobile operated by Glenn Henry Lakins on Lee Street in the City of Greensboro, North Carolina, was in collision with a 1959 Cadillac automobile operated by the defendant Robert Lee Chavis, and that after the accident the defendant immediately ran from the scene without identifying himself or rendering any assistance to any person injured in the collision.

Glenn Henry Lakins testified that his wife, Judy Lakins, and Dannie Kendrick were passengers in the automobile he was operating at the time of the collision with the automobile operated by the defendant.

Judy Lakins, a passenger in the automobile driven by her husband, testified: "Yes, I was injured. My head hit the windshield. I later went to the hospital. My head bothered me for about a week after that. . . . My head hurt for about a week. That hurt pretty bad. I was concerned about what happened

to mother's car and my head. I did not get any treatment at the hospital."

[1]  The defendant contends that the evidence was not sufficient to show that anyone received personal injuries as a result of the accident. In the instant case the burden was on the State to offer evidence that the defendant was guilty of every element of the offense charged in the second count of the bill of indictment. *State v. Overman,* 257 N.C. 464, 125 S.E. 2d 920 (1962). The bill of indictment charged that Judy Lakins, and others, suffered personal injuries as a result of the accident. The evidence tended to show that Judy Lakins, a passenger in one of the automobiles involved in the collision, was injured and was taken to the hospital for examination. Whether Judy Lakins received personal injuries in the accident within the meaning of the statute was a matter for determination by the jury. *State v. Overman, supra.* There was ample evidence that the defendant had violated every element of the offense charged in the second count of the bill of indictment. This assignment of error is overruled.

[2]  The defendant next contends that the court failed to instruct the jury that the burden was on the State to satisfy the jury beyond a reasonable doubt that the defendant knowingly and intentionally failed to render aid and assistance to the party injured in the accident. At the beginning of his charge, the judge read the bill of indictment and the statute to the jury. The judge then proceeded to describe the various elements embraced in the offense charged in the bill of indictment. The judge then instructed the jury that the burden was on the State to satisfy it beyond a reasonable doubt that the defendant had violated every element of the crime charged in the bill of indictment. This assignment of error is without merit.

[3]  The defendant's third assignment of error is that the trial judge erred in failing to instruct the jury as to other possible lesser included offenses, specifically G.S. 20-166 (b), a misdemeanor, which, in pertinent part, provides: "The driver of any vehicle involved in an accident or collision resulting in damage to property and in which there is not involved injury or death of any person shall immediately stop his vehicle. . . ." The defendant's contention is meritorious if the violation described in G.S. 20-166 (b) is a lesser included offense of that charged in the bill of indictment, G.S. 20-166 (c), and if there is evidence of such lesser included offense. G.S. 15-170 provides that a de-

fendant may be convicted of the crime charged in the indictment or a lesser degree of the same crime.

In *State v. Rorie*, 252 N.C. 579, at 581, 114 S.E. 2d 233 (1960), Denny, J., later C.J., stated, ". . . that an indictment or information is insufficient to charge the accused with the commission of a minor offense, or one of less degree, unless, in charging the major offense, it necessarily includes within itself all of the essential elements of the minor offense. . . ." G.S. 20-166 (b) has as one of its essential elements "damage to property and in which there is not involved injury or death"; whereas, G.S. 20-166 (c) has as one of its essential elements "injury or death to any person." Therefore, G.S. 20-166 (b) is not a lesser included offense of the crime charged in the indictment. This assignment of error is overruled.

We have carefully considered all of the defendant's assignments of error and conclude that the defendant had a fair trial free from prejudicial error.

No error.

MALLARD, C.J., and PARKER, J., concur.