STATE OF NORTH CAROLINA v. THOMAS GARLAND HART

No. 7212SC135

(Filed 29 March 1972)

1. **Receiving Stolen Goods § 1— constructive receipt**

    Constructive receipt is sufficient to constitute "receiving" within the meaning of G.S. 14-71.

2. **Receiving Stolen Goods § 5— constructive receipt — sufficiency of evidence**

    The State's evidence was sufficient to show that defendant constructively received stolen goods where it tended to show that defendant directed a person at his home to take the goods to an apartment which defendant owned, and that he made a "down payment" on them.

3. **Receiving Stolen Goods § 5— guilty knowledge — incriminating circumstances**

    Knowledge that goods were stolen may be inferred from incriminating circumstances, the test being whether defendant knew, or must have known, that the goods were stolen.

4. **Receiving Stolen Goods § 5— guilty knowledge — sufficiency of evidence**

    The State's evidence was sufficient to support a finding by the jury that defendant knew the clothes in question were stolen at the time he received them where it tended to show that a person showed up at defendant's house at 3:00 a.m. with clothes which he told defendant were "out of" a certain store, and that the clothes were offered to defendant for 10% of their retail value.

APPEAL by defendant from *Hall, Judge,* 20 September 1971 Criminal Session of Superior Court held in CUMBERLAND County.

Defendant was brought to trial under a bill of indictment, proper in form, charging him with feloniously receiving stolen goods, knowing them to have been stolen. G.S. 14-71.

The State presented evidence which tended to show the following: On the night of 29 March 1971, Rufus Howard, Jr., and two other persons broke into Fleishman's department store in Fayetteville and removed clothing having an approximate retail value of $5,000. The clothing was taken to defendant's house in a taxi at about 3:00 a.m. and Howard told defendant that he and his companions had some clothes to sell. Defendant told a young man at the house to take them around "to my

apartment." In accordance with defendant's instructions the men took the clothing to an apartment about two blocks away. They then returned to defendant's house and advised him that they wanted $400 or $500 for the clothes. Defendant gave them $25 and stated he would have to go downtown "and see the man" before he made any deal.

Howard returned to defendant's house the next day and defendant told him that he was leaving right then to go down to the bank to get some money. According to Howard, defendant agreed to pay $500 for the clothes but never did do so. A few days after the clothes were put in the apartment, defendant ordered them removed because "a man was on the way." Howard took this to mean the police were coming and removed the clothes.

On cross-examination Howard stated that he did not remember whether he told defendant the clothes were stolen but he did recall telling him that they were out of Fleishman's. In answer to the question, "Did you tell him you had stolen them from the store?" Howard stated: "I didn't have to tell him. He probably already knew."

Defendant offered evidence and testified in his own defense. He stated that Howard came to his house at 3:00 o'clock in the morning and asked to borrow $25 on a watch in order to pay a taxicab driver. Defendant denied that Howard mentioned any clothes or that he ever saw any clothes. He did admit that he owned the apartment where the clothes were carried.

The jury returned a verdict of guilty and the court entered judgment thereon imposing an active prison sentence.

*Attorney General Morgan by Assistant Attorney General Hafer for the State.*

*James G. Taylor, Assistant Public Defender, Twelfth Judicial District, for defendant appellant.*

GRAHAM, Judge.

[1, 2] Defendant argues that the evidence was insufficient to show that he purchased the clothes or actually received them into his possession. Even if the evidence be interpreted as insufficient to show that defendant actually received possession of the goods in question, we think it clearly sufficient to show

---

that he constructively received the goods. Constructive receipt is sufficient to constitute "receiving" within the meaning of G.S. 14-71. 6 Strong, N.C. Index 2d, Receiving Stolen Goods, § 1, p. 607. The evidence here was that defendant directed a person at his home to take the goods to an apartment which defendant owned, and that he made a "down payment" on them. As stated in *State v. Stroud,* 95 N.C. 626, 631, "It would certainly make him a *receiver* in contemplation of law, if the stolen property was received by his servant or agent, acting under his directions, he knowing at the time of giving the orders that it was stolen. . . . It is the same as if he had done it himself."

[3, 4] Defendant also contends the evidence was insufficient to show that he had knowledge the clothes were stolen. Guilty knowledge may be inferred from incriminating circumstances. *State v. Miller,* 212 N.C. 361, 193 S.E. 388. The test is whether defendant knew, or *must* have known, that the goods were stolen. *State v. Oxendine,* 223 N.C. 659, 27 S.E. 2d 814. When considered in the light most favorable to the State, the evidence tends to show that Howard showed up at defendant's house at 3:00 a.m. with clothes which he told defendant were "out of" a Fayetteville store. The clothes were offered to defendant for 10% of their retail value. This evidence is sufficient to support a finding by the jury that defendant knew the clothes were stolen at the time he received them.

No error.

Judges CAMPBELL and BRITT concur.