STATE OF NORTH CAROLINA v. CHARLES SILSBY FEARING

No. 28

(Filed 1 December 1981)

1. **Criminal Law § 102.6— prosecutor's jury argument invited by defense counsel's argument**

    In this prosecution for hit and run driving and death by vehicle, the district attorney's argument that the State could not call defendant's wife, an occupant of the car, as a witness was invited by defense counsel's argument that the State could have called occupants of the car as witnesses and was not error.

2. **Criminal Law § 16.1— misdemeanor consolidated with felony—original jurisdiction of superior court**

    The superior court had original jurisdiction of a prosecution for the misdemeanor of death by vehicle where that charge was consolidated for trial with a felony charge of hit and run driving and both offenses were based on the same act or transaction. G.S. 7A-271(3); G.S. 15A-926(a).

3. **Automobiles § 131— hit and run driving—required knowledge**

    In a prosecution for failing to stop at the scene of an accident resulting in injury or death in violation of G.S. 20-166(a), the State must prove that defendant had actual or implied knowledge (1) that he had been involved in an accident or collision, and (2) that a person was killed or physically injured in the collision. Therefore, the trial court in this prosecution under G.S. 20-166(a) erred in failing to instruct the jury that the State had to prove that defendant knew that the collision had resulted in injury or death to a person.

    Justice HUSKINS dissenting in part.

    Chief Justice BRANCH and Justice MEYER join in the dissent.

    Justice CARLTON concurring.

    Justice EXUM joins in the concurring opinion.

ON certiorari to review decision of the Court of Appeals, 48 N.C. App. 329, 269 S.E. 2d 245 (1980), finding no error in trial presided over, and judgments entered, by *Strickland, Judge*, at the 25 June 1979 Session of CHOWAN Superior Court.

Upon pleas of not guilty, defendant was tried on separate bills of indictment charging him with (1) failing to stop his automobile at the scene of an accident in which Cloise H. Creef was killed, a violation of G.S. 20-166(a), and (2) death by vehicle, a violation of G.S. 20-141.4. The charges were consolidated for trial and defendant was found guilty of both offenses. He was sentenced to prison terms of not more than three years for the of-

fense of hit-and-run and not more than one year for the offense of death by vehicle, the sentences to run concurrently.

Defendant appealed to the Court of Appeals and on 19 August 1980 that Court found no error. He then petitioned this court for a writ of certiorari and the petition was denied on 16 September 1980. Thereafter, in a case arising out of the same accident, *State v. Malcolm Keith Fearing, III*[1], the defendant in that case being convicted of accessory after the fact of felonious hit-and-run, the Court of Appeals with one judge dissenting ordered a new trial. The basis for the new trial was that the trial judge erred in his jury instructions with respect to knowledge on the part of the driver of the vehicle, the defendant in the present case. The state appealed to this court in the Malcolm Fearing case. Inasmuch as defendant Charles Fearing had challenged the same jury instruction that the defendant Malcolm Fearing had challenged, and there were conflicting decisions of the Court of Appeals on the question, on 19 March 1981 we allowed defendant Charles Fearing's petition for a writ of certiorari.[2]

An adequate summary of the evidence presented at trial is set forth in the Court of Appeals' opinion, 48 N.C. App. at 330, *et seq.* No worthwhile purpose would be served by restating the evidence here.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Elizabeth C. Bunting, for the state.*

*Charles Aycock, III; Stewart and Hayes, by David K. Stewart; and Brenton D. Adams, for defendant-appellant.*

BRITT, Justice.

By numerous assignments of error argued in his brief, defendant contends that the trial court erred in the admission of certain evidence, in denying his motions to dismiss, and in its in-

---

1. 50 N.C. App. 475, 274 S.E. 2d 356 (1981).

2. There is a third case arising out of the same accident, *State v. Duvall*, 50 N.C. App. 684, 275 S.E. 2d 842 (1981). In that case the defendant was convicted of being an accessory after the fact of felonious hit and run. The Court of Appeals found no error and this court allowed defendant's petition for a writ of certiorari in that case.

structions to the jury. After careful review we conclude that the trial court committed no prejudicial error in the death by vehicle case. In the hit-and-run case we conclude that the trial court erred in its jury instructions and that defendant is entitled to a new trial in that case.

## I

The Court of Appeals held that the trial court did not err in denying defendant's motions to dismiss both charges on the ground of insufficiency of the evidence. We agree with this holding and with the reasoning given by the Court of Appeals in support of its holding.

## II

[1] Defendant contends the trial court erred in failing to sustain his objection to the district attorney's jury argument relating to the failure of defendant's wife to testify, and in failing to instruct the jury to disregard the argument.

The record indicates that one of defendant's attorneys, Mr. Aycock, made the opening argument to the jury; that no request was made prior to arguments that they be recorded; that Assistant District Attorney Teague followed Mr. Aycock in the jury arguments; that during Mr. Teague's argument, defendant made an objection to Mr. Teague's reference to the fact that the state could not call defendant's wife, an occupant of the car, as a witness; and that the court instructed the jury to "disregard counsel's last statement." The record further indicates that Mr. Aycock in his argument informed the jury that the state could have called occupants of the car as witnesses.

When the argument of the district attorney is challenged, preceding arguments by defense counsel should be contained in the record. *State v. Hopper,* 292 N.C. 580, 234 S.E. 2d 580 (1977); *State v. Miller,* 288 N.C. 582, 220 S.E. 2d 326 (1975). This is so in order that the appellate court may judge the challenged remarks in context and determine if they are invited or provoked. It would appear that in the instance complained of here, the district attorney was responding to the argument made by defense counsel. We conclude that defendant has failed to show error.

## III

Defendant contends that the Court of Appeals erred in holding that the trial court did not err in failing to instruct the jury on justification and excuse. For the reasons stated in the Court of Appeals' opinion, we agree with its holding on this point.

## IV

[2] Defendant contends that the trial court erred in trying him on the death by vehicle charge, a misdemeanor, when that charge "had not been heard or tried in District Court."

"Except as provided in this Article, the district court has exclusive, original jurisdiction for the trial of criminal actions, including municipal ordinance violations, below the grade of felony, and the same are hereby declared to be petty misdemeanors." G.S. 7A-272(a).

G.S. 7A-271 (1979 Cum. Supp.) provides in pertinent part:

> *Jurisdiction of superior court.* — (a) The superior court has exclusive, original jurisdiction over all criminal actions not assigned to the district court division by this Article, except that the superior court has jurisdiction to try a misdemeanor:
>
> (1) . . . .
>
> (2) . . . .
>
> (3) Which may be properly consolidated for trial with a felony under G.S. 15A-926;

G.S. 15A-926(a) provides:

> *Joinder of offenses and defendants.* — (a) Joinder of Offenses — Two or more offenses may be joined in one pleading or for trial when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan. Each offense must be stated in a separate count as required by G.S. 15A-924.

Clearly the two offenses with which defendant was charged were based "on the same act or transaction." We hold that under

the facts in this case, the superior court had jurisdiction of the offense of death by vehicle.

## V

[3] Defendant contends that the trial court committed prejudicial error in the hit-and-run case by failing to properly instruct the jury on the elements of knowledge and intent. This contention has merit.

The court instructed the jury on the offense of hit-and-run driving as follows:

> Now I charge that for you to find the defendant guilty of failing to immediately stop his vehicle at the scene of an accident or collision involving injury or death, the State must prove six things beyond a reasonable doubt:

> First, that the 1972 Mercedes Benz automobile was involved in an accident.

> Second, that at that time the defendant, Charles S. Fearing, was driving the 1972 Mercedes Benz automobile.

> [Third, that the defendant knew of the accident.]

> EXCEPTION NO. 27

> Fourth, that Cloise H. Creef was physicially injured or killed in the accident.

> Fifth, that the defendant failed to immediately stop his vehicle at the scene of the accident.

> And sixth, that the defendant's failure was wilful, that is, intentional and without justification or excuse.

> So I charge that if you find from the evidence and beyond a reasonable doubt that on or about February 19th, 1979, the defendant, Charles Silsby Fearing, while driving a 1972 Mercedes Benz automobile was involved in an accident in which Cloise H. Creef was physically injured or killed, and that Charles Silsby Fearing
> [knew of the accident]

EXCEPTION NO. 28

and wilfully failed to immediately stop at the scene,
[it would be your duty to return a verdict of guilty as
charged.]

EXCEPTION NO. 29

However, if you do not so find or have a reasonable doubt as
to one or more of these things, it would be your duty to
return a verdict of not guilty.

Prior to the jury charge, defendant requested an instruction
on the element of knowledge to the effect that defendant knew
that he had struck the decedent. The court denied the request.

The statute in question, G.S. 20-166(a), provides:

The driver of any vehicle involved in an accident or colli-
sion resulting in injury or death to any person shall im-
mediately stop such vehicle at the scene of such accident or
collision, and any person violating this provision shall upon
conviction be punished as provided in G.S. 20-182.

G.S. 20-166(c) sets forth the actions required of a driver
whose vehicle is involved in an accident or collision resulting in
injury or death to any person. G.S. 20-182 provides that "every
person convicted of *wilfully* violating G.S. 20-166, relative to the
duties to stop or render aid or give the information required in
the event of accidents, . . . , involving injury or death to a person,
shall be punished by imprisonment for not less than one nor more
than five years, . . . , or by fine of not less than five hundred
dollars ($500.00) or by both such fine and imprisonment." (Em-
phasis added.)

Defendant argues that it was incumbent on the state to show
that he not only knew that the vehicle he was driving had been
involved in an accident or collision, but that he also knew that the
collision had resulted in injury or death to a person; and that the
court should have charged the jury to that effect. In support of
his argument, defendant strongly relies on the decisions of this
court in *State v. Ray*, 229 N.C. 40, 47 S.E. 2d 494 (1948), and *State
v. Glover*, 270 N.C. 319, 154 S.E. 2d 305 (1967). Both of these cases
involved prosecutions pursuant to G.S. 20-166.

In *Ray*, Justice Ervin, speaking for the court said:

> It would be a manifest absurdity to expect or require the driver of a motor vehicle to perform the acts specified in the statute in the absence of knowledge that his vehicle has been involved in an accident resulting in injury to some person. Hence, both reason and authority declare that such knowledge is an essential element of the crime created by the statute now under consideration. *Herchenbach v. Commonwealth*, 185 Va. 217, 38 S.E. 2d 328; Blashfield's Cyclopedia of Automobile Law and Procedure (Perm. Ed.), section 781; 16 A.L.R., Annotation, 911-919. This position is expressly sustained by our statute prescribing the punishment for persons "convicted of willfully violating G.S. 20-166, relative to the duties to stop in the event of accidents . . . involving injury or death to a person." G.S. 20-182.

229 N.C. at 42.

In *Glover*, a *per curiam* opinion, we find:

> Defendant contends that he had no knowledge that he had struck Willie Quick with a motor vehicle and that Willie Quick had received any injury. Both reason and authorities declare that such knowledge is an essential element of the crime created by the statute now under consideration, and charged in the indictment. *State v. Ray*, 229 N.C. 40, 47 S.E. 2d 494.

270 N.C. at 321-22.

The state argues that the instructions given were sufficient and that the state should not be required to prove that the defendant knew that a person was killed or physically injured in the collision.

We agree with defendant and hold that in prosecutions under G.S. 20-166(a) the state must prove that the defendant knew (1) that he had been involved in an accident or collision, *and* (2) that a person was killed or physically injured in the collision. However, the knowledge required may be actual or may be implied. Implied knowledge can be inferred when the circumstances of an accident are such as would lead a driver to believe that he had been in an accident which killed or caused physical injury to a person. When

such circumstances exist, the jury may find that the defendant had the knowledge we find to be essential for conviction under the statute.

An analogy to our holding is found in this court's decisions relating to the statute on receiving stolen property. For many years prior to 1975, G.S. 14-71 made it unlawful for a person to receive stolen property "such person knowing the same to have been feloniously stolen or taken." In numerous cases decided prior to 1975, this court held that knowledge that property was stolen could be inferred from incriminating circumstances, the test being whether the defendant knew, or must have known, that the property was stolen. *See, e.g., State v. Oxendine*, 223 N.C. 659, 27 S.E. 2d 814 (1943); *State v. Miller*, 212 N.C. 361, 193 S.E. 388 (1937); *State v. Stathos*, 208 N.C. 456, 181 S.E. 273 (1935); *State v. Hart*, 14 N.C. App. 120, 187 S.E. 2d 351, *cert. denied*, 281 N.C. 625, 190 S.E. 2d 469 (1972).[3]

In *State v. Stathos, supra*, the trial court charged the jury as follows:

If the State has convinced you beyond a reasonable doubt from the evidence that at the time he bought the violin the circumstances, facts, and the knowledge of the defendant were such as to let him know or to cause an honest man who intended to be reasonably prudent in his business transactions to inquire further before he received the violin, and he failed to do so and took the violin without making inquiry, although in possession of such facts, then, gentlemen of the jury, if you should find those facts, and find them beyond a reasonable doubt, it would be your duty to render a verdict of guilty.

In declaring the instruction erroneous, this court said:

C.S., 4250, (now G.S. 14-71) under which the bill of indictment was drawn, makes guilty knowledge one of the essen-

3. In 1975 the General Assembly amended G.S. 14-71 to provide that the person receiving stolen property was guilty of the offense if he received the property knowing "or having reasonable grounds to believe" the same to have been feloniously stolen or taken. 1975 S.L., c. 163, s.1. The effect of the 1975 amendment was to alter the standard of proof established by this court in prosecutions under G.S. 14-71.

tial elements of the offense of receiving stolen goods. *This knowledge may be actual, or it may be implied when the circumstances under which the goods were received were sufficient to lead the party charged to believe they were stolen.* However, while it is true that it is not necessary that the person from whom the goods are received shall state to the person charged that the goods were stolen, and while the guilty knowledge of the person charged may be inferred from the circumstances of the receipt of the goods, still it is necessary to establish either actual or implied knowledge on the part of the person charged of the facts that the goods were stolen. The question involved is whether the person charged had knowledge of the fact that the goods had been stolen at the time he received them, and not whether a reasonably prudent man in the transaction of his business would have gained such knowledge, under the circumstances. The test is as to the knowledge, actual or implied, of the defendant, and not what some other person would have believed from the facts attending the receipt of the goods. (Emphasis added.)

Our holding in the case at hand is in keeping with the spirit of numerous decisions in other jurisdictions. *See People v. Holford,* 63 Cal. 2d 74, 403 P. 2d 423, 45 Cal. Rptr. 167 (1965); *Kimoktoak v. State,* 584 P. 2d 25 (Alaska 1978); *Herchenbach v. Commonwealth,* 185 Va. 217, 38 S.E. 2d 328 (1946); *Touchstone v. State,* 42 Ala. App. 141, 155 So. 2d 349 (1963); *State v. Porras,* 125 Ariz. 490, 610 P. 2d 1051 (1980); *State v. Blevins,* 128 Ariz. 64, 623 P. 2d 853 (1981); *Idaho v. Parish,* 79 Idaho 75, 310 P. 2d 1082 (1957); *State v. Minkel,* 89 S.D. 144, 230 N.W. 2d 233 (1975); *Commonwealth v. Hyman,* 117 Pa. Super. Ct. 585, 178 A. 510. (1935); *Commonwealth v. Adams,* 146 Pa. Super. Ct. 601, 23 A. 2d 59 (1941); *People v. Rocovich,* 269 Cal. App. 2d 489, 74 Cal. Rptr. 755 (1969).

We hold that the instructions given in the case at bar were inadequate. Defendant admitted that he knew that the car he was driving had collided with something. He stipulated that the body of the decedent was the object he hit. He insisted, however, that at the time of the accident he did not know that the object he struck was a human being or that anyone had suffered physical injury as a result of that collision. He was entitled to have the

jury determine on proper instructions whether he had such knowledge. Defendant is, therefore, entitled to a new trial on the hit-and-run charge.

## VI

We have considered the other assignments of error argued in defendant's brief and conclude that they have no merit.

Death by vehicle case, affirmed. 79 CRS 879 (Chowan)

Hit-and-run case, new trial. 79 CRS 878 (Chowan)

Justice HUSKINS dissenting in part.

I respectfully dissent from that portion of the majority opinion which holds that the trial court's instructions in the hit-and-run case were erroneous.

The pertinent portions of G.S. 20-166 read as follows:

(a) The driver of any vehicle involved in an accident or collision resulting in injury or death to any person shall immediately stop such vehicle at the scene of such accident or collision, and any person violating this provision shall upon conviction be punished as provided in G.S. 20-182.

(b) The driver of any vehicle involved in an accident or collision resulting in damage to property and in which there is not involved injury or death of any person shall immediately stop his vehicle at the scene of the accident or collision and shall give his name, address, operator's or chauffeur's license number and the registration number of his vehicle to the driver or occupants of any other vehicle involved in the accident or collision or to any person whose property is damaged in the accident or collision . . . . Any person violating the provisions of this subsection shall be guilty of a misdemeanor and fined or imprisoned for a period of not more than two years, or both, in the discretion of the court.

(c) The driver of any vehicle involved in any accident or collision resulting in injury or death to any person shall also give his name, address, operator's or chauffeur's license number and the registration number of his vehicle to the per-

son struck or the driver or occupants of any vehicle collided with, and shall render to any person injured in such accident or collision reasonable assistance, . . . and it shall be unlawful for any person to violate this provision, and such violator shall be punishable as provided in G.S. 20-182.

G.S. 20-182 provides in pertinent part:

Every person convicted of willfully violating G.S. 20-166, relative to the duties to stop or render aid or give the information required in the event of accidents . . . involving injury or death to a person, shall be punished by imprisonment for not less than one nor more than five years, or in the State prison for not less than one nor more than five years, or by fine of not less than five hundred dollars ($500.00) or by both such fine and imprisonment.

Thus it may be seen that a violation of G.S. 20-166(a) is a felony punishable as provided in G.S. 20-182, while a violation of G.S. 20-166(b) is a misdemeanor punishable by a fine or imprisonment for not more than two years, or both, in the discretion of the court. Moreover, the misdemeanor described in subsection (b) is not a lesser included offense of the crime described in subsections (a) and (c) of this statute. *State v. Chavis*, 9 N.C. App. 430, 176 S.E. 2d 388 (1970).

My dissent in the hit-and-run case is grounded on the dual position that: (1) G.S. 20-166 requires the driver of a vehicle who knows he has been involved in an accident to stop at the scene regardless of whether he knew he had injured or killed some person, and (2) even if the law requires, as the majority holds, that the driver must know not only of his involvement in an accident but also that a person had been injured or killed, the jury charge sufficiently embraced such requirement. It is my position that, on either ground, defendant's conviction in the hit-and-run case should be upheld.

The guiding star in the interpretation of a statute is the intent of the legislature in enacting that statute. *State v. Fulcher*, 294 N.C. 503, 243 S.E. 2d 338 (1978). To discover this legislative intent, courts consider the language of the statute, the spirit of the act and what the act seeks to accomplish. *Stevenson v. City of Durham*, 281 N.C. 300, 188 S.E. 2d 281 (1972).

The language of G.S. 20-166 indicates that the legislature intended to require any and every motorist involved in an accident to stop at the scene. Failure to stop is the conduct proscribed by the statute. The gist of the offense is failure to stop. *State v. Smith,* 264 N.C. 575, 142 S.E. 2d 149 (1965).

In *State v. Ray,* 229 N.C. 40, 47 S.E. 2d 494 (1948), the State offered in evidence a statement by defendant that he had just driven the highway in question but that he had no knowledge or notice that he had struck any vehicle or injured any person during the trip. This statement was not contradicted or shown to be false by any other fact or circumstance in evidence. Other evidence offered by the State did show that the occupants of another car met a large tractor-trailer, and as the two vehicles passed, the rear end of the trailer swerved across the center of the road and struck the left side of the other vehicle causing personal injury to one of its occupants. The truck continued on its way without stopping or reducing its speed. A few minutes later the defendant Ray was arrested at a service station and at that time was in possession of a tractor-trailer. Defendant was convicted of the felony denounced by G.S. 20-166(a)(c). Defendant appealed and Justice Ervin, writing for the Court, said: "It would be a manifest absurdity to expect or require the driver of a motor vehicle to perform the acts specified in the statute in the absence of knowledge that his vehicle had been involved in an accident resulting in injury to some person." The majority construes this statement to mean not only that a defendant must know he had been involved in a collision, but he must further know that a person was killed or injured in that collision. In my view, this interpretation is not supported by the holding of *Ray* and is not permitted when G.S. 20-166 is construed consistent with the legislative intent.

The phrase "resulting in injury to some person" following the word "accident" was used by Justice Ervin only to modify the word "accident," *i.e.,* to indicate which accident a defendant must be aware of before he can be prosecuted under G.S. 20-166. If the phrase is interpreted to mean that a defendant must know the accident resulted in injury to some person, then it is mere dictum and should be disavowed. This is so because defendant in *Ray* denied knowledge that he had been involved in an accident or had injured any person. Since the State offered his statement in

evidence and since the statement was uncontradicted, his motion for judgment of nonsuit was sustained by this Court. If he did not know he had been involved in an accident, he did not have to stop. Whether Ray was required to know, in addition to knowledge that he had been involved in an accident, that some person had been injured in that accident was not the determinative question. Hence the words "resulting in injury to some person" are dictum and should not be regarded as binding on this Court.

The majority's interpretation of the statute and of the holding in *Ray* renders the statute internally inconsistent and practically destroys it. If a driver knows he has been involved in an accident resulting in property damage but no physical injury to a person, he is guilty of a misdemeanor under G.S. 20-166(b) for leaving the scene of that accident. If a driver knows he has been involved in an accident and knows someone has been injured or killed in that accident, he is guilty of a felony under G.S. 20-166(a) for leaving the scene of that accident. The problem arises when a defendant knows, or has reasonable grounds to believe, that he has been involved in an accident resulting in property damage but does not know that it also resulted in injury or death to some person. The majority holds that a motorist who leaves the scene of an accident under those circumstances is not guilty of any violation of G.S. 20-166(a), (b) or (c). He has not violated subsection (a) becuase he did not know that any person had been injured or killed. He has not violated subsection (b) because that subsection applies only when "there is not involved injury or death of any person." Thus the anomalous consequence of the majority decision is that one who leaves an accident scene knowing only that he was involved in an accident is completely immune to prosecution under G.S. 20-166 if some person was in fact injured or killed, yet he is guilty of a misdemeanor under subsection (b) if no person was in fact injured or killed. The legislature could not have intended such a result. Justice Ervin in writing the Court's opinion in *Ray* could not have intended such a result. In the construction of statutes, courts should adopt an interpretation which avoids bizarre consequences, the presumption being that the legislature acted in accordance with reason and common sense and did not intend untoward results. *Comr. of Insurance v. Automobile Rate Office*, 294 N.C. 60, 241 S.E. 2d 324 (1978).

Reason dictates that the legislature intended to punish hit-and-run drivers involved in accidents resulting in either property damage or injury to some person. Knowledge of the accident is all the knowledge that the law requires. If a motorist knows he has been involved in an accident and willfully fails to stop, he is guilty of violating G.S. 20-166. If only property damage was done in the accident, he is guilty of a misdemeanor for failure to stop. If injury or death to a person resulted from the accident, he is guilty of a felony for failure to stop. That is my interpretation of the statute and of the decision in *Ray* and its progeny, *State v. Glover*, 270 N.C. 319, 154 S.E. 2d 305 (1967).

I believe my interpretation is grounded not only in logic but also is supported by the practicalities of the situation as well. Since the actual physical result of a collision is often unknown, the statute requires that a motorist stop to investigate. This serves the underlying rationale of facilitating investigation of accidents and providing immediate assistance to those injured. It seems to me that the majority's interpretation encourages a driver to remain ignorant of the actual consequences of the accident. If he does not stop to investigate and never learns whether anyone was injured or killed, he is guilty at most of the misdemeanor proscribed by G.S. 20-166(b). If some person was in fact injured or killed in the accident, he has violated no part of G.S. 20-166 by his failure to stop. Such an interpretation of the law rewards a motorist who deliberately remains ignorant of the results of his accident.

Finally, it is my position that even if the Court's opinion today accurately delineates the knowledge requirement, the trial court's instructions adequately advised the jury with respect thereto. The charge is accurately set out in the majority opinion and I shall not repeat it here. It suffices to say that the trial judge charged the jury that if it found beyond a reasonable doubt that defendant was involved in an accident in which Cloise H. Creef was physically injured or killed and that defendant "knew of the accident" and willfully failed to immediately stop at the scene, the jury should return a verdict of guilty as charged. It is perfectly clear that the phrase "if Charles S. Fearing knew of *the* accident" relates to the preceding clause and other portions of the charge describing "the accident" as that accident "in which Cloise

H. Creef was physically injured or killed." Thus, when the charge is considered as a whole, as we are required to do, it indicates that in order to convict defendant the jury was told it must find that defendant knew a person had been physically injured or killed in the accident, *i.e.*, in the very accident defendant admits he knew had occurred. When the charge is considered in its entirety, it adequately complied with the law as interpreted by the majority.

I have outlined the bases for my dissent in the hit-and-run case. Even so, it must be conceded that there is a reasonable basis for the majority decision. I simply believe that the opposite result should have been reached in deference to the legislative intent and what I believe to be the adequacy of the trial court's charge. Surely the General Assembly will now give the appropriate attention to a revision of G.S. 20-166 so as to remove all doubt concerning its meaning and intent.

Chief Justice BRANCH and Justice MEYER join in this dissent.

Justice CARLTON concurring.

I am in the majority solely because of our prior decisions. I wish to join Justice HUSKINS in urging the General Assembly to revise G.S. 20-166 to clarify its meaning and intent. The interpretation of G.S. 20-166 argued by the State and expressed in Justice Huskins' dissent is clearly what the law ought to be.

Justice EXUM joins in the concurring opinion.