Opinion by
 

 Rhodes, J.,
 

 Defendant was indicted and tried (1) for failure to stop after being involved, in an automobile accident; (2) for failure to render reasonable assistance to one injured in the accident; (3) for failure to give his name, address, and registration number of his vehicle, and exhibit his operator’s license after being so involved. Section 1025 of the Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 29, 1937, P. L. 2329, §3, 75 PS §634. At the conclusion of the Commonwealth’s case, defendant’s demurrer to the evidence was overruled. By direction of the court defendant was acquitted on the first and third counts; the jury by its verdict found defendant guilty of failure to render reasonable assistance. Defendant’s motion for new trial was overruled. This appeal from the judgment of sentence followed.
 

 Our review: of the evidence convinces us that the demurrer should have been sustained. The evidence in the case when the demurrer was entered, together with the evidence produced by defendant in his own behalf and the rebuttal thereto by the Commonwealth, does not support a verdict of guilty on any of the three counts in the indictment.
 
 Com. v. Marino,
 
 142 Pa. Superior Ct. 327, 331, 16 A. 2d 314. The circumstances under which the accident occurred may be obtained from a brief summary of all the evidence. About three o’clock on the morning of February 1, 1941, defendant, accompanied by his wife, was driving his wife’s automobile in a westerly direction on the Lancaster Pike, a four-lane highway, in Delaware County. As they approached the point where Sproul Road and Springmill Road intersect the highway, one James Hayes, apparently under the influence of intoxicants, alighted from his car, which was parked on the south side of the road, and proceeded
 
 *604
 
 across the highway. He was fatally injured when struck by one or more automobiles. Defendant testified: “Just as my car came alongside of him, he was......by this time in the middle lane of the eastbound traffic — there [are] four lanes of traffic there — I was in, partially over on, the middle lane of the westbound traffic — as I came opposite him, he suddenly fell over backwards, as though he had slipped, and lay in the eastbound middle lane of the traffic. I immediately applied my brakes ......, and we stopped possibly in about two car lengths.” Defendant and his wife went back to investigate, and, according to his version, two other cars, going east, ran over Hayes. He further testified: “We left there when we heard the man was being taken care of. I hadn’t hit the man.” This testimony was corroborated by defendant’s wife. It is not denied that defendant’s car came to a stop at the scene of the accident. A Commonwealth witness, John H. Graham, testified that he was driving westwardly on the same highway at approximately the same time; that he was about a city block behind a “light colored” car; that he saw a man, later identified as Hayes, take about five steps from his automobile toward the center of the highway; that Hayes was hit by this automobile which was ahead of him and was thrown into the air; and that the person driving this car stopped in about three car lengths. Anita Williams, who was in the Graham car, testified to the same effect. Graham did not see defendant, and did not identify him as the driver of this car; nor could he identify defendant’s wife as the woman who alighted from the car. The other two occupants of the Graham car did not see the accident. A few moments later, a car driven by John J. Bygraves, approaching from the west, drove over Hayes. Other cars immediately arrived. Bygraves, Graham, and others rendered assistance to Hayes. It was about this time that defendant, after signaling two cars to stop, left the scene of the accident with his wife.
 
 *605
 
 His explanation for leaving was that his wife became hysterical, and that Hayes was being taken care of by others. In this connection Bygraves testified for the Commonwealth as follows: “Q. What happened to Mr. Hayes? A. Well, me and the truck driver, we thought we would take him to the hospital right away. Approximately the same time the truck stopped, another car came west. Well, then there was quite a group of people there, and there was a discussion as to whether we should call an ambulance, call the police, or put him in a car, or what we should do. Someone said we shouldn’t touch him, but somebody said — but the truck driver definitely decided — he said, ‘He goes to the hospital.’ So, our car, which was a coupe, didn’t have room; there was a car parked on the right facing Philadelphia, without lights. We didn’t know whose it was. The truck driver looked in it. It had keys in it. He said, ‘Let’s put him in there and take him to the hospital,’ which we found out afterward was Mr. Hayes’ car. Q. So that you took him to the hospital in his own car? A. That is right. The truck driver drove his car. Q. Now, did you see this car in which the colored folks, Mr. and Mrs. Graham and Mr. and Mrs. Williams, were riding? A. I saw it. Yes, sir. Q. Did you see another car parked in front of theirs? A. Yes, sir. Q. Which way was that car facing? A. They were both heading the same direction, west, on the pike.”
 

 Under the second count in the indictment submitted to the jury, charging defendant with failure to render reasonable assistance, the Commonwealth had the burden of proving that defendant was operating a motor vehicle which was involved in an accident resulting in injury to the deceased; that he knew he was so involved; and that he failed to render reasonable assistance which he must have seen was necessary.
 
 [1]
 

 Com. v.
 
 
 *606
 

 Zeitler,
 
 79 Pa. Superior Ct. 81, 83;
 
 Com. v. Hyman,
 
 117 Pa. Superior Ct. 585, 591, 178 A. 510.
 

 Knowledge that one has injured some person or damaged the property of another user of the highway is an essential element of the offense. This may be shown by direct proof or by proof of circumstances from which knowledge may reasonably be inferred (Com.
 
 v. Hyman,
 
 supra, pp. 591, 592), but a strong suspicion that he knew is not sufficient. There is no violation of section 1025 (b) as amended, 75 PS §634 (b), unless it is shown beyond a reasonable doubt that defendant had knowledge of the accident.
 
 Com. v. Hyman,
 
 supra, pp. 591, 592. We need not determine, however, whether the evidence in this record was sufficient in volume or quality to impute knowledge to defendant to the exclusion of other inferences. Cf.
 
 Com. v. Hyman,
 
 supra.
 

 Assuming that the car defendant was driving hit Hayes first, and that defendant had knowledge of this impact, the statute, 75 PS §634, required defendant to render only such reasonable assistance as he must have seen was necessary. There was undisputed evidence that when defendant left the scene of the accident all possible care and assistance was being rendered to the injured person; there was nothing in addition that he could do for Hayes; others had declared their intention to look after him, and their intention was being
 
 *607
 
 put into effect before defendant left. The testimony of the various witnesses with relation to the length of time defendant remained at the scene was indefinite and unsatisfactory, but no evidence appears in the record that he left while assistance was necessary. The positive testimony is to the contrary. The signed statement of defendant introduced by the Commonwealth, and defendant’s own testimony showed that, after signaling two cars and seeing that Hayes was being taken care of by others and would be taken to a hospital, defendant and his wife left. The testimony of some of the Commonwealth’s witnesses that they did not see defendant at the scene of the accident was negative in character and insufficient to create a conflict in the light of the positive testimony that defendant was there. The testimony of a Commonwealth witness that Hayes was still on the highway when defendant left was not sufficient to overcome the presumption of defendant’s innocence, and was not in conflict with defendant’s own testimony.
 

 The Commonwealth presented no testimony to establish that defendant failed to render to the injured person such assistance as was reasonably required under the circumstances. On the contrary, no assistance from defendant was necessary. Others were already performing this service adequately and sufficiently to the knowledge of defendant. In
 
 People v. Scofield,
 
 203 Cal. 703, 265 P. 914, at page 916, ,under a similar statute
 
 [2]
 
 and
 
 *608
 
 analogous facts, the Supreme Court of California said: “In this connection it must be noted that the statute requires that
 
 necessary
 
 assistance be rendered. Under the facts in this case, the deceased was given all the assistance that could be required without the aid of the defendant. It is suggested that the defendant might have interjected his person into the midst of the several individuals who were caring for the deceased and insisted upon his own ministrations. This, we think, he was not required to do under the circumstances here shown. In other words, his assistance was not
 
 necessary!’
 

 What is “reasonable assistance,” as well as what is reasonable conduct in various situations, ordinarily requires an adjudication based on the facts. See
 
 Gasani’s Estate,
 
 concurring opinion by Mr. Justice Maxey, 342 Pa. 478, 479, 21 A. 2d 64. What would appear to be reasonable assistance in one case might not be such in another. But in the instant case all possible assistance was being given by others. It does not appear from the record that there was any contribution that defendant should have or could have made. Section 1025 of the Act of 1929, as amended, 75 PS §634, is penal in nature, and therefore must be strictly construed; and the accused cannot be held criminally liable under it for failure to do what was not necessary or reasonably required of him. “While the dictionaries give a number of meanings for the word reasonable, in a legal sense conduct is reasonable if it is consistent with that of the prudent man in like circumstances”:
 
 Casani's Estate,
 
 supra, 342 Pa. 468, at page 472, 21 A. 2d 59, at page 61. Defendant’s demurrer should have been sustained. The judgment will be reversed, and defendant discharged as the evidence in the record is insufficient to sustain the conviction.
 

 The first assignment of error is sustained.
 

 Judgment is reversed, and defendant is discharged without day.
 

 [1]
 

 Section 1025 (b) of the Act of May 1, 1929, P. L. 905, as amended by section 3 of tlie Act of June 29, 1937, P. L. 2329, 75
 
 *606
 
 PS §634 (b), provides: “The driver and owner, if present, of any vehicle involved in any accident, resulting in injury or death to any person or damage to property, shall give his name, address, and the registration number of his vehicle, and exhibit his operator’s license to the person struck, or the driver or occupants of any vehicle involved, or the owner or custodian of any property involved, unless the person struck, or the driver of the vehicle or the custodian of the property involved, signifies that no injuries have been received or damages sustained, and shall render to any person injured in such accident reasonable assistance, including the carrying of such person to a physician or surgeon for medical or surgical treatment, if it is apparent .that suoh treatment is necessary, or is requested by the injured person.”
 

 [2]
 

 Section 141 of the California Vehicle Act, Stats. 1923, p. 562, provided: “Duty ,to stop in case of accident. The driver of any vehicle which strikes any person or collides with any other vehicle shall immediately stop and give his name and address and the names and addresses of all passengers not exceeding five in his vehicle, also the registration number of his vehicle, to the person struck or the occupants .of the vehicle collided with, and shall also render to such persons all necessary assistance, including the carrying of such persons to a physician or surgeon for medical or surgical treatment, if such treatment is required or if such carrying is requested by the person struck or any occupant of such vehicle collided with.”