## Commonwealth v. Bognar, Appellant.

Submitted September 14, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Gerald I. Roth,* for appellant.

*Wardell F. Steigerwalt,* Assistant District Attorney, and *George J. Joseph,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 13, 1970:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant was involved in a minor automobile collision with prosecutrix. Both parties emerged from their cars in an excited state. Considering the contradictory testimony in the light most favorable to the Commonwealth, it appears that appellant at first refused to give prosecutrix any information concerning his identity asserting that the accident was her fault. After a period of volatile conversation appellant finally took out his wallet and placed his driver's license in front of prosecutrix's face, so that she could read it through a celluloid covering.

The license was displayed to prosecutrix for thirty seconds to a minute, but a portion of the face of the card was covered by appellant's hand. As a result, she was able to copy down his operator's number but not the name and address. Although prosecutrix had asked appellant for his name previously, she did not repeat this request when she discovered that the name and address were obscured. Appellant then proceeded on his

business and prosecutrix reported the accident to police shortly thereafter.

Appellant was indicted for violation of The Vehicle Code, Act of April 29, 1959, P. L. 58, §1027(b), 75 P.S. §1027(b), which states in pertinent part: "The operator and owner . . . of any vehicle involved in any accident, . . . shall give his name, address, and the registration number of his vehicle, and exhibit his operator's license to the person struck, or the operator or occupants of any vehicle involved. . . ." This statute is ". . . penal in nature, and therefore must be strictly construed; and the accused cannot be held criminally liable under it for failure to do what was not necessary or reasonably required of him". *Commonwealth v. Adams*, 146 Pa. Superior Ct. 601, 608, 23 A. 2d 59, 62 (1941). The criminal courts should not be used as a vehicle for reprisal or vengeance.

Clearly the purpose of this statute is to insure that each party to a motor vehicle accident is apprised of the identity of the other party so that he may be found at a later date. Once identity is known, liability can be established by proper procedures and compensation paid. Certainly the appellant here complied with the spirit of the statute. The effectiveness and sufficiency of the number alone as an identifying factor is proved by the fact that prosecutrix has rapidly brought appellant into court. In addition, though appellant may have behaved in an improper manner, the facts do not indicate that he was intending to avoid discovery and revelation of his identity. The testimony shows that once appellant consented to display his license after the initial hesitation, he had no reason to know that prosecutrix could not obtain the desired information. The license was displayed for sufficient time to copy the long operator's number. Since prosecutrix did not protest the presentation, nor ask for any additional in-

formation other than that which she copied, appellant had no indication that she was dissatisfied with what she had read.

The Michigan Court of Appeals has recently dealt with a factual situation in which a party to an accident displayed his license to the "victim", but that person made no attempt to copy down any information. In construing a Detroit ordinance identical in relevant part to the statute at issue here, the court said: "It does not appear to us that the ordinance was intended to penalize innocent noncompliance. . . . We therefore read the ordinance as requiring a motorist to stop and make an attempt, reasonable in light of the circumstances, to effect identification." *City of Detroit v. Wood,* 10 Mich. App. 355, 357-58, 159 N.W. 2d 358, 360 (1968). I think that our statute should be so construed, and that appellant should not be criminally penalized for a possibly inadvertent failure to totally exhibit all the data contained on his operator's license.

Accordingly, I would reverse the judgment of sentence and discharge appellant.