## Commonwealth v. English

*William F. Morgan, Jr.,* for Commonwealth.
*Edward G. Petrillo,* for Defendant.

WOLFE, J., October 14, 1971.—Defendant was arrested on two charges of violation of The Vehicle Code, operating a motor vehicle while under the influence

of intoxicating liquor in violation of section 1037 and failure to stop and identify himself after being involved in an accident involving damage to personal property under section 1027(d).

Subsequent to his arrest and preliminary hearing, defendant filed an application to quash the criminal complaint and transcript of the justice of the peace and for dismissal of the charge of operating a motor vehicle while under the influence of intoxicating liquor.

Defendant bases his position on the undisputed facts that at the time the arresting officer arrived at the scene his motor vehicle was stuck in a ditch and defendant was approaching it from his home when the officer first sighted him. After interrogation, the officer placed defendant under arrest for driving under the influence. The Commonwealth acknowledges the officer did not observe defendant driving his vehicle and was summoned to the scene by a third party who suffered damage to her children's toy and flower pot when defendant drove or skidded off the road and did damage to these two articles and left without identifying himself and subsequently became lodged in the ditch.

Section 1204 of The Vehicle Code permits arrests on view when the offense is designated a felony or a misdemeanor or, in cases causing or contributing to an accident, resulting in injury or death to any person. The Commonwealth argues it need not show the arresting officer actually observed the defendant operating his vehicle in order to make the arrest in this case. The Commonwealth's reasoning is, in order to do so would place too heavy a burden upon it.

We have found no cases sustaining the Commonwealth's position nor has it submitted any. Certainly, the section under which the charge was made does not

contain any such language or inference. Although, admittedly a short period of time transpired between the ditching of the vehicle and when the officer arrived, which, from the testimony appears to be less than one hour, still, an arrest cannot be made on suspicion or surmise as a "view arrest." This is especially so where defendant, although he admitted he was drinking after the ditching of the vehicle, denied he was drinking when he operated it into the ditch and denied he made any confession of doing so. To permit this type of an arrest under these circumstances would certainly open the door to permitting arrest on speculation, surmise, conjecture and hearsay.

For these reasons, we hold that the motion must be granted.

Concerning the charge of failure to stop, the factual situation, briefly, is, defendant admits his vehicle skidded into the driveway of private property but denies, as the owner testified, that he drove over a child's "crazy car" and then thereafter backed over a brick flower pot in the lawn in attempting to get back on the highway without stopping to identify himself.

Defendant asserts the highway was very slippery and his vehicle slid into the driveway and that the snow covered any objects from his sight, and, if he did such damage, he was unaware of it and being unaware of it could not be held liable under the section for leaving the scene of an accident without identifying himself.

Defendant's witness, who was a passenger, acknowledged that he had been drinking that same afternoon and that he was not aware of any damage done nor did he hear any noise or anything to bring this to his attention. The property owner

testified defendant approached her the following day and apologized for the damage he had done and offered to pay for it and also acknowledged that he had a few too many, referring to intoxicating beverages. It is true that the cases hold one must be aware of doing damage to another's property before he may be found guilty: Commonwealth v. Adams. 146 Pa. Superior Ct. 601, 23 A. 2d 59 (1941); Commonwealth v. Hyman, 117 Pa. Superior Ct. 585, 178 Atl. 510 (1935). However, a failure to stop and identify one's self cannot be justified on the grounds that the operator was unaware of damage inflicted if the evidence of the case shows circumstances, brought on by defendant's own conduct, that would prevent him from being aware, such as consumption of alcohol. Here, the evidence shows defendant acknowledged to the owner he was drinking and his passenger also testified he, the passenger, was drinking.

Consequently, we hold that the Commonwealth has made out its proof beyond a reasonable doubt that defendant has violated section 1027(d) of The Vehicle Code and make the following order:

## ORDER

And now, October 14, 1971, defendant's application to quash the criminal complaint against him at February term 1971, no. 12, is granted. Defendant is found fuilty of violation of section 1027(d) of The Vehicle Code and is, in absence of appeal, directed to pay the fine of $25 and costs as therein provided and in default thereof to undergo imprisonment for not more than five days.

Exceptions noted to the Commonwealth and to defendant.