476 A.2d 46

**COMMONWEALTH of Pennsylvania**

v.

**Jeffrey Lynn GOSNELL, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 11, 1984.

Filed May 18, 1984.

---

**2.**  In *Morris,* the order in question was held appealable on independent grounds unrelated to the present inquiry.

John J. Moran, II, York, for appellant.

Clyde W. Vedder, Assistant District Attorney, York, for Commonwealth, appellee.

Before WICKERSHAM, DEL SOLE and MONTEMURO, JJ.

DEL SOLE, Judge:

This appeal followed a conviction for failure to properly identify oneself at the scene of an accident as mandated by 75 Pa.C.S.A. § 3742(a), (1977).

While driving along a poorly lit road, Appellant struck what he believed to be a large pothole. He had proceeded about two or three blocks before returning to investigate. At the scene, Appellant found the victim, severely injured, lying on the road. He pulled the victim closer to the

roadside and then ran to a nearby phone and anonymously summoned the police. When the police arrived, the Appellant, giving them his name, address and phone number, told the police that he had seen nothing and was the first to arrive at the scene. Appellant continued to assist the police and paramedics in the victim's care. Six or seven hours after the Appellant had returned home he went to the police and told them it was most likely he who hit the victim, although evidence was presented at trial that one or two other vehicles may have run over the victim.

The issue in this case is whether Appellant, under the facts, violated 75 P.L. § 3744. We find he did not.

Section 3742, whose predecessor was 75 P.S. § 1027, sets forth the general requirements that a person who is involved in a motor vehicle accident, which results in personal injury, stop at or as close to the scene as possible and remain there until the more particular requirements of § 3744 are met, 1976, June 17, P.L. 162 No. 18, § 1, eff. July 1, 1977. Those requirements are that either the injured or the police be given the driver's name, address, and registration number. Also, upon request, the driver should reveal his license and insurance information. Rendering reasonable aid to the victim is also required. Specifically at issue here is whether the Appellant properly made his identity known under the law. In *Commonwealth v. Adams*, 146 Pa.Super. 601, 23 A.2d 59 (1941), defendant was convicted of failure to render assistance to a person injured in a motor vehicle accident under § 1027. Defendant stopped at the scene where plaintiff had been hit by a car and run over by at least two other vehicles. After seeing plaintiff was being cared for, defendant made his identity known and left the scene. The Court reversed the conviction by saying that only assistance which is "necessary" under the circumstances is required, *Adams*, 146 Pa.Super. at 608, 23 A.2d at 62. When analyzing the Appellant's behavior under this standard to determine whether it violated the Act, two things must be observed. One, the purpose of the Act must be considered. As the Commonwealth

Court observed in *Commonwealth v. Stamoolis,* 6 Pa.Com. 617, 620, 297 A.2d 532, 533 (1972), the aim of the law was at preventing drivers from leaving the scene of an accident and trying to avoid their responsibilities. Second, in applying the law strictly an absurd result must not follow, *Stamoolis,* 6 Pa.Com. at 620, 297 A.2d at 533. While the court in *Adams* spoke of reasonableness in applying the law, the Superior Court in *Commonwealth v. Robinson,* 254 Pa.Super. 145, 147, 385 A.2d 567, 568 (1978), refused to convict defendant on a technical violation of the law. In that case, defendant's car collided with plaintiff's truck. After the defendant asked the plaintiff to forget the accident and the plaintiff refused, the defendant turned to leave the scene. The court found that regardless of his intentions and a technical violation of the law, defendant did essentially follow the requirements, *Robinson,* 254 Pa.Super. at 147, 385 A.2d at 568. The defendant in *Stamoolis* was convicted for failing to stop at the scene after he had driven one and one quarter miles on the same road before he was able to find a place he considered safe to stop. His conviction was reversed. Appellant's behavior in this case also amounted to a substantial fulfillment of the Act. When he first realized he had hit something the origin of which needed to be investigated, Appellant was a few blocks from the scene. He then returned to the scene. In *Commonwealth v. Bognar,* 217 Pa.Super. 395, 397, 271 A.2d 875, 876 (1970), defendant was convicted for improperly identifying himself at the scene when he held up his license for the plaintiff who could only read the operator's number but not the address. Because the plaintiff didn't ask for further information, the Court found no violation because the "spirit" of the statute was fulfilled. In all of these cases, technical applications of the law give way to considering the circumstances together with the purpose of the Act to reach a more desired result. The Appellant, though not revealing to the police his suspicions of his own involvement in the accident, nonetheless offered them his name and address and continued to assist in the victim's care. He both returned to the scene and revealed his identity to the police.

Given the circumstances of the accident where the Appellant was initially unsure of his involvement, his actions were reasonable. After he had returned home and had the opportunity to reflect, his suspicions surfaced, and he then went to the police. There is no incidence of Appellant's trying to evade his responsibilities—only that of trying to realize his responsibilities. We feel that it is a better policy to promote cooperative behavior than to convict on technical violations of a law. Since Appellant's conduct met with the substance of the Act, we find no violation.

Because the Judgment has been reversed on this basis, we find it necessary to consider the other issues raised by the parties.

Judgment of Sentence reversed. Appellant is dismissed.

MONTEMURO, J., files a dissenting opinion.

MONTEMURO, Judge, dissenting:

The majority holds that the evidence was insufficient to convict the appellant of violation of 75 Pa.C.S.A. § 3742(a). I respectfully disagree and shall therefore set forth my reasons in this opinion.

In *Commonwealth v. Stamoolis,* 6 Pa.Commw.Ct. 617, 297 A.2d 532 (1972), the commonwealth court construed 75 P.S. § 1027, the predecessor to the aforementioned statute. With regard to the former provision, the court stated:

> The section is obviously aimed at those drivers who attempt to flee the scene of an accident in which they have been involved without making known their identity, thus seeking to evade their responsibilities, either criminal or financial, or both..... It is clear, therefore, that § 1027(d) should not be so narrowly and technically construed so as to reach an absurd result.

*Id.,* 6 Pa.Commw.Ct. at 620, 297 A.2d at 533–34. It is my belief that the appellant was not in compliance with either the letter or the spirit of the statute.

Section 3742, and by incorporation Section 3744, imposes certain requirements upon "the driver of any vehicle in-

volved in an accident resulting in injury or death of any person." These requirements are: to stop; to identify oneself; and to render any necessary assistance. The purposes of this statute are obvious. First, it requires the drivers to take immediate measures to mitigate damage to property and injury to persons resulting from the accident. Second, it requires those involved in the accident to exchange certain information which will ensure their later availability to resolve questions of responsibility, and liability. In light of these statutory purposes, I believe the legislature intended that the driver of the vehicle must identify himself as having been involved in the accident. To construe this provision in any other manner will open the way for a myriad of abuses of the statute.[1] Since the appellant admits that he did not identify himself as the driver of the vehicle. I would conclude that he has failed to meet the technical requirements as expressed by the letter of the statute.[2]

In addition, the appellant's conduct clearly violates the spirit of the statute. The majority states that: "There is no incidence of appellant's trying to evade his responsibilities—only that of trying to realize his responsibilities." Majority Opinion, at 469. I would suggest that the inference is not only unsupported in fact, but contrary to the basic legal principle that all favorable inferences are to be given to the verdict winner; in this case the Commonwealth. *Commonwealth v. Lovette*, 498 Pa. 665, 450 A.2d 975 (1982); *Commonwealth v. Goldblum*, 498 Pa. 455, 447 A.2d 234 (1982). Herein, the appellant was aware; (1) that he felt a bump while driving his vehicle; (2) that his vehicle sustained damage (the right front headlamp and reflector were bro-

---

1. An example pointed out by the Commonwealth is where an intoxicated driver is involved in a single car accident, goes home, sobers up and then returns to report his "suspicion" that he was involved in an accident. See *Commonwealth v. Wetmore*, 69 Pa.D. & C.2d 344 (1974).

2. We reiterate that the appellant's failure to proffer the registration number of the vehicle he was driving was also in derogation of the relevant statute.

ken and the radio antenna); and (3) that a mortally wounded man was lying in the street at approximately the location where he felt his vehicle being bumped. Despite these indications which would lead any reasonable man to conclude that he had struck the victim, the appellant chose to conceal his involvement, and in fact denied any knowledge of the accident when specifically asked by a policeman. (N.T. May 19, 1982, at 13).

The present case invites an interesting comparison to *Commonwealth v. Hyman,* 117 Pa.Super. 585, 178 A. 510 (1935). In *Hyman,* the defendant was driving east on West Chester Pike late one evening. He was temporarily blinded by the combined oncoming headlights of an automobile and a trolley car when he felt a brushing on the right side of his automobile. He stopped and returned to the point where the brushing occurred and seeing nothing there resumed his journey. When he reached his destination, he parked the vehicle in a public garage, whereupon, he noticed that the passenger side door handle was broken off.

The next day, the defendant read in the newspaper that a man had been killed by a vehicle on West Chester Pike the evening before; a broken off door handle was found at the scene of the accident.

A jury found the defendant guilty of failing to stop and render assistance. This court reversed, holding that there was insufficient evidence to prove the defendant knew that he had hit someone. The court cited the fact that the victim was thrown off the road and into the bushes by the impact with the car, and the fact that the defendant did not discover the damage to his vehicle until after he had reached his destination.

In the present case, the appellant knew that his car had been damaged, and further knew that an injured man was lying in the road at the approximate point the damage had been sustained. Under these circumstances, the jury could find, and I would submit did find, that the appellant knew that he struck the victim. I would therefore conclude that the appellant was required to identify himself as the driver

of the vehicle which struck the victim, as soon as possible after his discovery that he was involved in an accident. Because he failed to do so, I would affirm the judgment of sentence.