555 A.2d 1350

COMMONWEALTH of Pennsylvania

v.

Dennis LATSHAW, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 7, 1988.

Filed March 28, 1989.

Samuel K. Gates, York, for appellant.

Mark A. Bellavia, Assistant District Attorney, York, for Com., appellee.

Before WIEAND, OLSZEWSKI and TAMILIA, JJ.

576

OLSZEWSKI, Judge:

This is an appeal from a judgment of sentence after appellant was convicted for a violation of § 3743(a) of the Motor Vehicle Code.[1] Appellant presents one issue for review: whether the trial court erred in its determination that appellant had violated § 3743 where the Commonwealth's witness refused to take the information offered by appellant. We reverse.

On June 26, 1987, appellant and Mrs. Judith Kessler were involved in an automobile accident. Appellant's vehicle sustained minor damage; the damage, however, to Mrs. Kessler's vehicle was substantial. After the accident, appellant offered to exchange licenses and insurance information. Mrs. Kessler declined the offer and walked into a nearby bakery to call her husband. According to Mrs. Kessler, she wanted to speak with her husband to determine what information she would need, although it is unclear from the record whether this intention was made known to appellant. When Mrs. Kessler returned to the accident scene, appellant was gone. No information had been exchanged.

After speaking to a police officer regarding the accident, Mrs. Kessler left the scene to return home. While driving, Mrs. Kessler noticed appellant's van parked near a high

1.  Section 3743(a) provides in pertinent part:
    The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is driven or attended by any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid).
    75 Pa.C.S.A. § 3743.
    Section 3744 provides in pertinent part:
    The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle or other property which is driven or attended by any person shall give his name, address, and the registration number of the vehicle he is driving, and shall upon request exhibit his driver's license and information relating to financial responsibility to any person injured in the accident or to the driver or occupant of or person attending any vehicle or other property damaged in the accident ...
    75 Pa.C.S.A. § 3744.

school. After taking his license number, Mrs. Kessler called the police. Subsequently, appellant was issued a traffic citation.

At a hearing before a magistrate on July 29, 1987, appellant was found guilty of violating § 3743 of the Motor Vehicle Code. This conviction was subsequently upheld by the Court of Common Pleas of York County on November 25, 1987. Post-trial motions were denied. Appellant then filed the instant appeal.

Appellant raises one issue for our review: whether the trial court erred in its determination that appellant violated § 3743(a) where the Commonwealth's witness refused to take the information offered by appellant. According to appellant, the fact that Mrs. Kessler refused to accept his offer of information prior to consulting with her husband precludes a finding of guilt. In short, appellant argues that by offering the information to the witness, he has substantially complied with § 3743(a).

In its opinion, the trial court counters that § 3743, being a criminal statute, is to be strictly construed. Pointing to the specific language of § 3743, and by incorporation § 3744, the trial court reasoned that an individual involved in an accident with another must, regardless of whether there has been a request, provide his name, address, and vehicle registration number before leaving the scene. In the case at bar, according to the trial court, no facts were introduced at trial which would indicate that appellant gave the required information to Mrs. Kessler. For this reason, the trial court determined that appellant was guilty. We disagree.

Other courts in this state have had the opportunity to interpret § 3743 and § 3744 and their predecessor 75 P.S. § 1027. In *Commonwealth, Dept. of Trans. v. Stamoolis,* 6 Pa.Cmwlth. 617, 297 A.2d 532 (1972), our Commonwealth Court determined that § 1027 was aimed at hit-and-run drivers who attempt to flee the scene of an accident in which they have been involved without making known their identity, in an effort to avoid criminal and civil liability.

Therefore, in situations where such was not the case, the Court stated that § 1027 should not be so narrowly and technically interpreted so as to reach an absurd result. *Id.* at 620, 297 A.2d at 534. In short, the Court concluded that a finding of innocence would be warranted where a defendant was in substantial compliance with the statute. *Id.*

In *Commonwealth v. Gosnell,* 327 Pa.Super. 465, 476 A.2d 46 (1984), a panel of this Court was faced with the issue of whether a defendant properly identified himself pursuant to § 3742(a) of the Motor Vehicle Code, and by incorporation § 3744. There, the defendant, while driving along a poorly lit road struck what he believed to be a pothole. After traveling approximately three blocks, he returned to investigate, finding the victim lying on the road. He then phoned the police and, upon their arrival, gave his name, address, and phone number and assisted the police and paramedics in the victim's care. He did not tell the police that he suspected that he may have hit the victim; approximately seven hours later, however, he returned to the police and told them of his suspicion. Reaffirming the analysis set forth in *Stamoolis,* our Court reversed the conviction of the defendant. The Court refused to apply a strict interpretation of § 3744 to the specific facts of the case, reasoning that the defendant's actions were in substantial compliance with the statute. This reasoning is equally applicable to the case at bar.

In the present case, both parties to the accident agree as to certain facts. First, both agree that shortly after the accident, Mrs. Kessler told appellant that she believed she was the one at fault. Second, it is undisputed that appellant made an offer to exchange licenses and insurance information and Mrs. Kessler refused. Exactly why she refused is unclear from the record. Mrs. Kessler claims she wanted to talk to her husband to see exactly what information she would need. The witness was not sure, however, whether she made this intention known to appellant, or had indicated that she wished him to remain at the scene. Faced with these facts, the trial court chose to apply

a strict interpretation of the statute and held that appellant's guilt was based solely on the fact that no identification information had been exchanged. We find this to be error.

We are not here faced with a situation in which a hit-and-run driver sought to avoid criminal or civil liability. Appellant, though not revealing his identity, did offer to show the witness his driver's license and insurance information. Mrs. Kessler had the choice of whether to accept it or refuse. She chose the latter. The mere fact that she may have later regretted her decision has no bearing on the result of this case. We hold, therefore, that under the facts of the present situation appellant has substantially complied with the provisions of § 3743, and by incorporation § 3744, so as to preclude a finding of guilt. Accordingly, we have no alternative but to reverse the judgment of the trial court.

Judgment of sentence reversed. Appellant is discharged. Jurisdiction is relinquished.