## Commonwealth v. Kinsley

*Wieslaw T. Niemoczynski, assistant district attorney,* for the Commonwealth.

*Jeffrey J. Wander,* for defendant.

O'BRIEN, *J.,* April 20, 1993—Shortly after midnight on September 19, 1992, pedestrian George Pavolsky Jr. was struck and thrown to the highway by a vehicle operated by Jennifer Lynn Kinsley. Although the impact by the Kinsley vehicle resulted in non-life-threatening injuries to the pedestrian, approximately 20 seconds later, a second vehicle struck the victim causing his death. When the police failed to file any criminal charges against Jennifer Lynn Kinsley, the victim's father filed a private complaint which was disapproved by a district attorney. Thereafter, the victim's father filed a petition requesting this court to approve the private complaint. Following the submission of briefs and argument by counsel for both parties on April 5, 1993, the issue is now before the court for disposition.

Our Superior Court has held that the district attorney enjoys prosecutorial discretion as to whether to approve or disapprove a private criminal complaint and that courts should not interfere with that discretion unless there has been a gross abuse thereof. *Commonwealth v. Eisemann,* 308 Pa. Super. 16, 453 A.2d 1045 (1982). The discretionary power of the district attorney in determining whether prosecution shall be commenced or maintained may well depend on matters of policy wholly separate and apart from the existence of probable cause. For this reason, courts have been wary of interfering with or attempting to supervise the district attorney in the exercise of his discretion in controlling criminal prosecutions. *Commonwealth v. Muroski,* 351 Pa. Super. 15, 506 A.2d 1312 (1986). In the case at bar, petitioner alleges that the district attorney has committed such a gross abuse of discretion by failing to charge Jennifer Lynn Kinsley with a violation of either 75 Pa.C.S. §3742(a) or 3744(a). Those statutory provisions provide in relevant part as follows:

"§3742. *Accidents involving death or personal injury—*

"(a) *General rule*—The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary."

"§3744. *Duty to give information and render aid—*

"(a) *General rule*—The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle or other property which is driven

or attended by any person shall give his name, address and the registration number of the vehicle he is driving, and shall upon request exhibit his driver's license and information relating to financial responsibility to any person injured in the accident or to the driver or occupant of or person attending any vehicle or other property damaged in the accident and shall give the information and upon request exhibit the license and information relating to financial responsibility to any police officer at the scene of the accident or who is investigating the accident and shall render to any person injured in the accident reasonable assistance, including the making of arrangements for the carrying of the injured person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if requested by the injured person."

In *Commonwealth v. Gosnell*, 327 Pa. Super. 465, 476 A.2d 46 (1984), the Superior Court reversed a conviction for a violation of section 3742(a) on facts most similar to the case at bar. In that proceeding, as in the case at bar, the motor vehicle operator left the scene but then returned shortly thereafter and provided the police with all relevant information. In that case, as in the case at bar, there was no evidence to establish that the temporary departure from the scene of the accident by the motor vehicle operator was in any way related to the victim's tragic death. In view of the foregoing holding by our appellate court, the disapproval of the private criminal complaint by the district attorney for "insufficient evidence," "lack of prosecutorial merit," "lack of criminal intent" and "civil dispute" does not constitute a gross abuse of discretion.

Counsel at argument advised the court that civil litigation by the victim's father against the motor vehicle operator was pending. Our Superior Court has held that

criminal prosecution should not be utilized to settle private grievances but are intended to rectify injury done to the Commonwealth. *Commonwealth v. Malloy,* 304 Pa. Super. 297, 450 A.2d 689 (1982). Further, the standard of proof applicable in a civil proceeding for money damages is considerably different than the burden of proof involved in a criminal prosecution. We conclude that civil litigation is the proper vehicle for addressing the grievous loss suffered by the petitioner in this proceeding.

## ORDER

And now, April 20, 1993, the petition of George Pavolsky Sr. for approval of his private criminal complaint against Jennifer Lynn Kinsley is dismissed.